UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN W CONN, | Case No. 2:21-cv-00558-JAD-EJY |
| Plaintiff, | **ORDER** |
| v. | **AND** |
| EQUIFAX CREDIT REPORTING et al. | **REPORT AND RECOMMENDATION** |
| Defendants. | Re: ECF No. 3-1 (Amended Complaint) |

Plaintiff is proceeding *pro se* in this matter and requests to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff filed a first and second *in forma pauperis* application (ECF Nos. 1 and 3), and a Complaint and Amended Complaint (ECF Nos. 1-1 and 3-1). Plaintiff submitted his Amended Complaint (ECF No. 3-1) as a matter of course under the Federal Rule of Civil Procedure 15(a)(1) within 21 days of filing the complaint and before any response was filed. Therefore, the Amended Complaint is the operative complaint and will be screened by the Court.

I.  **ced*In Forma Pauperis* Application**

Plaintiff's first *in forma pauperis* application is complete showing an inability to pay fees and costs or provide security therefor as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. The application is granted. This renders the second *in forma pauperis* application moot. The Court will now review Plaintiff's Amended Complaint.

II.  **Screening the Complaint**

When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      A.    <u>Plaintiff fails to state a claim against Transunion Credit Bureau and Equifax Credit Reporting</u>.

In this case, Plaintiff attempts to bring claims under 15 U.S.C. § 1681, the Federal Credit Reporting Act ("FCRA"), against Transunion Credit Bureau ("TransUnion") and Equifax Credit Reporting ("Equifax"). Plaintiff alleges that Equifax and TransUnion have "reported on more than one occasion that they do not have a report on or for" him, yet the agencies have produced a report when a third party requested one. ECF No. 3-1 at 4. Plaintiff also alleges that the information in his report, as produced to third parties, is "5-7 years behind." *Id*. Plaintiff claims that credit applications have been denied when attempting to buy a car and complete dental work because of the agencies' reports of "old data." *Id*. As a result of these alleged errors, Plaintiff requests $5,000 in damages from TransUnion, and $7,500 from Equifax. He requests more from Equifax because the Amended Complaint alleges Equifax wrote a letter to the Consumer Financial Protection Bureau ("CFPB") "stating that he was a sham and other slanderous comments." *Id*.[1]

---

[1] The Court notes that the Complaint Plaintiff attached to his application to proceed *in forma pauperis* cuts off some of the allegations at section IV of the form complaint he used. *See* ECF No. 3-1 at 4. If he chooses to amend, Plaintiff may wish to continue his allegations on an additional page attached to his second amended complaint, if needed.

Plaintiff does not point to any specific provisions of the FCRA he claims were violated by TransUnion or Equifax. Nonetheless, construed liberally, Plaintiff appears to be contesting both the accuracy of the information contained in his credit report as supplied to third parties, and the companies' failure to disclose his report when requested. Multiple FCRA provisions govern such actions by credit reporting agencies. To the extent Plaintiff wishes to contest the accuracy of his report as provided to third parties, applicable FCRA provisions include 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A). 15 U.S.C. § 1681e(b) provides that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681i(a)(1)(A) further requires "reporting agencies to reinvestigate the accuracy of any item when consumer notifies the agency directly."

To make out a prima facie violation under §§ 1681e(b) or 1681i, a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information. *Guimond v. TransUnion Credit Info. Co.*, 45 F.3d 1329,1332 (9th Cir. 1995) (applying prima facie test to claims brought under § 1681e(b)); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (applying prima facie test in *Guimond* to claims brought under § 1681i); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010). Information is inaccurate "where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw*, 891 F.3d at 759 (quoting *Gorman v. Wolfpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). To state a claim under §1681e(b), a plaintiff "must next show that the consumer reporting agency failed to follow reasonable procedures to assure the maximum possible accuracy of the information." *Calvillo v. Experian Info. Sols., Inc.*, 2020 WL 1549574, at *2 (D. Nev. Apr. 1, 2020).

Plaintiff does not provide specifics regarding what information on his report is inaccurate. However, he does state that the information is five to seven years old. Plaintiff implies that he has more recent credit history that is not reflected in his report rending the report of old data inaccurate or incomplete. Such severely out-of-date information may be so misleading such that it could be

expected to adversely affect credit decisions. *See Calvillo*, 2020 WL 1549574 at *3 ("Incomplete information, even if accurate, may nevertheless be misleading.") (citing *Shaw*, 891 F.3d at 757). However, Plaintiff fails to adequately allege that TransUnion and Equifax failed to follow reasonable procedures to assure the accuracy of his report, as required by § 1681e(b). Plaintiff also fails to allege that he notified the agencies directly of any alleged inaccuracies, or that the agencies failed to reinvestigate when so notified, as required by § 1681i(a)(1)(A). Therefore, Plaintiff has failed to state a claim under either provision.

Plaintiff's contention that the Defendants inaccurately told him that he did not have a credit report could also give rise to a claim under the FCRA's consumer disclosure requirements. 15 U.S.C. § 1681g(a) provides, in part, that "[e]very consumer reporting agency shall, upon request and proper identification of any consumer clearly and accurately disclose to the consumer: ...[a]ll information in the consumer's file at the time of the request...." A consumer's file includes "all information on the consumer that is recorded and retained by a [consumer reporting agency] that might be furnished, or has been furnished, in a consumer report on that consumer." *Shaw*, 891 F.3d at 759 (quoting *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)). Plaintiff has failed to allege that he requested the consumer information he seeks in a manner envisioned by § 1681g. If Plaintiff chooses to amend his Complaint, he should include facts concerning his attempts to request consumer information from the credit reporting agencies, and any responses thereto that he alleges were insufficient or inaccurate.

With respect to Plaintiff's damages requests, he may collect actual damages for an agency's negligent failure to comply with these provisions, and punitive damages if any such noncompliance is willful. *See* 15 U.S.C. §§ 1681o and 1681n. Plaintiff appears to be seeking punitive damages from Equifax based on information Equifax conveyed to the CFPB. However, punitive damages under the FCRA may only be imposed if the reporting agency "willfully fails to comply with any requirement imposed" by the FCRA. 15 U.S.C. § 1681n(a). Plaintiff does not allege that Equifax purposely failed to comply with the FCRA. His claim that Equifax should be additionally penalized because of allegedly untruthful letters to the CFPB lacks any cognizable statutory basis in the FCRA.

Further, the Court notes that the FCRA sets the statute of limitations for bringing suit at "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Plaintiff does not state when the violations he alleged occurred. If Plaintiff chooses to amend his Complaint, he should specify when these alleged violations occurred and when he discovered them.

B.  <u>Plaintiff fails to state a claim against the Federal Consumer Financial Protection Bureau</u>.

Plaintiff also brings a claim against the CFPB for "fail[ing] [him] as a US citizen in their obligation to protect US citizens from bad financial practices and policy." ECF 3-1 at 4. As his basis for jurisdiction on this claim, Plaintiff contends that the CFPB "failed to act in accordance with their Charter as stated by the U.S. Congress which is to protect U.S. Citizens from Financial abusive practices." *Id*. at 3. Plaintiff fails to state with clarity what claim, and under what law or legal theory, he purports to bring against this agency. As far as this Court is aware, the FCRA does not provide a private right of action against the CFPB for any failure to "protect" individuals from the actions of consumer reporting agencies. Nor is this Court aware of any "charter" bestowing a private right of action for individuals to challenge a regulatory agency's purported general failure to adhere to its Congressional purpose. Plaintiff fails to state a cognizable claim against the CFPB.

For the reasons stated above, the Amended Complaint does not state a claim for which relief can be granted under the FCRA. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes he can state a claim.

**III.  ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred two dollars ($402.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting

leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's second *in forma pauperis* application, ECF No. 3, is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall separate Plaintiff's Amended Complaint (ECF No. 3-1) from ECF No. 3 and file the same on the docket.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff shall have until **August 23, 2021**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to file a second amended complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files a second amended complaint, all prior complaints no longer serve any function in the case. Therefore, in Plaintiff's second amended complaint, as in his prior complaints, each claim and the involvement of each Defendant must be sufficiently alleged.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to timely comply with the terms of this Order, this action will be dismissed without prejudice in its entirety.

Dated this 21st day of July, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).